UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR SAUL RODRIGUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-17-3366 |
| | § | |
| JANET GARCIA, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Hector Saul Rodriguez (TDCJ #1877264) ("Hector") is currently in the custody of the Texas Department of Criminal Justice ("TDCJ"). Hector, along with his mother, co-plaintiff Josefina Rodriguez-Aguilar ("Josefina"), have filed a complaint in federal court, seeking custody and/or visitation rights over Hector's son, N.S.R., from N.S.R.'s mother, defendant Janet Garcia ("Janet"). This case must be dismissed without prejudice for lack of subject matter jurisdiction for reasons that follow.

**I.     BACKGROUND**

Josefina, N.S.R.'s grandmother, and Hector, N.S.R.'s father, allege that Janet has blocked communication between N.S.R. and plaintiffs since August of 2012. Docket Entry No. 1 at 2. Josefina, who resides in Mexico, alleges that Janet promised her that she would have access to N.S.R., but Josefina has not seen N.S.R. in over five years. *Id.* Hector and Josefina allege that the Court should order Josefina reasonable possession of, or access to, N.S.R. because the long wait to see his grandmother significantly impairs the child's physical health or emotional well-being. *Id.* at 4-5.

## II. **DISCUSSION**

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to cases or controversies that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803)); *Scarlott v. Nissan North Amer., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) ("Federal courts are courts of limited jurisdiction 'hav[ing] only the authority endowed by the Constitution and that conferred by Congress.'") (quotation omitted). Because of the limits on federal judicial power, district courts have a duty to evaluate subject matter jurisdiction, even if the parties do not raise this issue, before reaching the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) ("Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.") (citations omitted). If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Generally, a federal district court has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. Assuming that all of the plaintiffs' allegations are true, their case falls into neither category.

Plaintiffs cite state law from the Texas Family Code to support their contention that N.S.R.'s grandmother should be allowed certain custody or visitation rights. *See* Docket Entry

No. 1 at 1 (invoking Texas Family Code § 153.432 for their suit for possession or access to N.S.R.). The plaintiffs do not cite any basis for federal jurisdiction, completely omitting a jurisdictional statement from their Complaint, and do not allege that this custody matter implicates any federal right. Therefore, plaintiffs fail to show that this Court has federal question jurisdiction for purposes of 28 U.S.C. § 1331.

Further, Hector and Josefina do not allege facts to show that diversity of citizenship exists here. According to the pleadings, both Hector, a plaintiff, and Janet, the defendant, reside in Texas, and the amount in controversy does not appear to meet the jurisdictional minimum. *See* Docket Entry No. 1 at 6. Accordingly, the plaintiffs have also failed to allege or show any basis for diversity jurisdiction. Therefore, this Court must dismiss the complaint without prejudice for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

### III. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Hector's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED as MOOT**.

2. The plaintiffs' complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

The Clerk of Court will send a copy of this Order to the parties.

SIGNED at Houston, Texas, this 7th day of November, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE